### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| FRANCINE ROTH, | : |
| PLAINTIFF, | : |
| | : |
| v. | : |
| | : |
| TARGET CORPORATION A/K/A, D/B/A, AND T/A TARGET, | : **Jury Trial Demanded** |
| | : |
| DEFENDANT. | : |

### NOTICE OF REMOVAL

TO THE HONORABLE CHIEF JUSTICE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

Target Corporation (incorrectly identified as "Target Corporation a/k/a, d/b/a, and t/a Target"), defendant in the matter of *Francine Roth v. Target Corporation a/k/a, d/b/a, and t/a Target,* hereby files this Notice of Removal for the removal of this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. There is complete diversity, the amount in controversy exceeds seventy-five thousand dollars, exclusive of interest and costs and this notice has been timely filed. In support thereof, Target Corporation avers as follows:

1.     Plaintiff commenced the above-captioned action by the filing of a Complaint in the Court of Common Pleas of Philadelphia County on November 29, 2018. A copy of plaintiff's Complaint is attached as Exhibit A.

2.     As averred in the Complaint, plaintiff Francine Roth, is a citizen of the Commonwealth of Pennsylvania and resides at 54 Margin Road, Levittown, Pennsylvania 19056. See Exhibit A.

3.      Defendant, Target Corporation, is neither incorporated nor maintains its principal place of business in the Commonwealth of Pennsylvania.

4.      Target Corporation is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in that State.

5.      For purposes of removal the citizenship of defendants sued under fictitious names shall be disregarded.  28 U.S.C.S. § 1441(b)(1).

6.      "Target" is a trade name utilized by Target Corporation and not a business entity.

7.      At the time of the filing of plaintiff's Complaint and at the time of this removal, there is complete diversity of citizenship amongst the parties pursuant to 28 U.S.C. § 1332(a)(1).

8.      Plaintiff filed her thirteen paragraph Complaint on November 29, 2018, in which she alleged that she slipped and fell on August 14, 2017 at the Target Store located at 800 Rock Hill Dive in Bensalem, PA. *See* Exhibit A, ¶4.

9.      The Complaint sets forth a single negligence-based cause of action that contains boilerplate language setting forth liability and damages claims against Target Corporation.

10.     It is averred that she sustained "personal injuries to her head, body and limbs, including but not limited to, bilateral olecranon fractures requiring operative fixation, bilateral knee contusions, severe pain disorder, severe damage to her nerves and nervous system, and other various ills and injuries[.] *See* Exhibit A, ¶8.

11.     Plaintiff also avers that she has undergone "pain and agony, from which she has suffered, and may and probably will continue to suffer for an indefinite time in the future, all of which may be permanent." *See* Exhibit A, ¶9.

12.     Courts in this district have stated that Complaints with boilerplate pleading language do not put defendants on notice as to the amount in controversy for removal purposes.

*See Rosenfield v. Forest City Enterprises, L.P.*, 300 F.Supp.3d 674, 676-679 (E.D. Pa. 2018) (plaintiff's Complaint that was "largely boilerplate" and was not sufficient to determine amount in controversy. The Court noted that the Complaint pled that the plaintiff sustained a "fractured left patella", incurred expenses for surgery, sustained "great physical pain and mental anguish" as well as "humiliation". The Court described these averments as generic. It was determined that "the first time that grounds for removal were apparent under § 1446(b) was when the case management conference memorandum was filed" which contained a demand of $350,000.); *Davis v. Donnelly*, 2015 WL 765988 (E.D. Pa. 2015) (auto accident complaint alleging "severe and permanent" injuries to plaintiff's "head, body and limbs" and demanding damages in excess of $50,000 did not place defendant on notice of amount in controversy); *Alston v. Wal-Mart Stores East, L.P.*, 2012 WL 4321973, *1 (E.D. Pa. 2012) (injury allegations from a slip and fall of a "fracture of the left ankle, cervical sprain and strain, left shoulder stain, and sprain, thoracic strain and sprain, lumbar strain and sprain, together with shock and injury to nerves and nervous system" were not sufficient to place defendant on notice of amount in controversy).

13.     In all of these cases the court concluded that without concrete numbers or facts from which a defendant could reasonably calculate the amount in controversy, the plaintiffs' mere allegations of their physical injuries were insufficient to put the removing party on notice of the amount in controversy. *Young v. Wal-Mart Stores East, L.P.*, 2015 U.S. Dist. LEXIS 30973, at *10-11 (E.D. Pa. 2015).

14.     As in the above cases, plaintiff's averments in her Complaint are boilerplate, vague and generic, which made her Complaint insufficient to put Target Corporation on notice as to the amount in controversy.

15.     Thereafter, on March 4, 2019 counsel for Defendant Corporation received a copy of plaintiff's Case management Conference Memorandum. The memorandum stated that her demand in this matter was $1,200,000 and that she had incurred medical expenses in excess of $50,000. A copy of plaintiff's counsel's e-mail enclosing her Case Management Memorandum, and Case Management Memorandum are attached as Exhibit B.

16.     When it is not apparent from the face of the initial pleading that a case is removable, a notice of removal may be field within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is on which is or has become removable. 28 U.S.C. § 1441(b).

17.     It was upon receipt of plaintiff's case management conference memorandum that Target Corporation was first put on notice that the amount in controversy in this matter exceeds $75,000.

18.     Removal is timely as to Target Corporation's notice of removal because it has been filed within 30 days of receipt of "other paper" which it may be first ascertained that the case is removable. 28 U.S.C. § 1446(b).

19.     This Court has jurisdiction of the above-captioned matter pursuant to 28 U.S.C. § 1332, and this action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(b).

20.     Written notice of the filing of this Notice will be served on the adverse parties as required by 28 U.S.C. §1446(d).

21.     A copy of this Notice will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, as provided by 28 U.S.C. §1446(d).

22.     Pursuant to 28 U.S.C. §1446(a), all process, pleadings and orders are attached as Exhibit A.

WHEREFORE, Target Corporation prays that it may effect the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

RICCI TYRRELL JOHNSON & GREY

By: _____
Francis J. Grey, Jr. (No.  56145)
Jonathan A. Delgado (No. 320759)
1515 Market Street, Suite 700
Philadelphia, PA 19102
(215) 320.3260
fgrey@rtjglaw.com
jdelgado@rtjglaw.com
*Counsel for Defendant,*
*Target Corporation*

5

## CERTIFICATE OF SERVICE

I, Francis J. Grey, Jr., Esquire, do hereby certify that a true and correct copy of Target Corporation's Notice of Removal was filed and served via First Class U.S. mail, postage pre-paid this March 12, 2019 addressed as follows:

Stuart A. Winegrad, Esquire
Bezark, Lerner & Devirgilis, P.C.
1600 Market Street, Suite 1610
Philadelphia, Pennsylvania 19103
*Counsel for Plaintiff*

By: _____
Francis J. Grey, Jr., Esquire

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**NOVEMBER 2018**  **003156**

E-Filing Number: 1811057993

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| FRANCINE  ROTH | TARGET CORPORATION A/K/A, D/B/A AND T/A TARGET |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 54 MARGIN ROAD<br>LEVITTOWN  PA 19056 | 800 ROCK HILL DRIVE<br>PHILADELPHIA  PA 19020 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| **FILED PRO PROTHY**<br>NOV 29 2018<br>**M. BRYANT** | YES       NO |

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: FRANCINE  ROTH

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| STUART A. WINEGRAD | 1600 MARKET ST<br>SUITE 1610<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)735-5599 | (215)735-5599 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 77502 | swinegrad@bldvlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| STUART WINEGRAD | Thursday, November 29, 2018, 11:46 am |

BEZARK, LERNER & DEVIRGILIS, P.C.
By:  Stuart A. Winegrad, Esquire
Identification No. 77502
1600 Market Street, Suite 1610
Philadelphia, PA 19103
Phone:  (215) 735-5599
Fax:  (215) 735-4147

*Filed and Attested by the
Office of Judicial Records
29 NOV 2018 11:46 am
M. BRYANT*

*Attorney for Plaintiff*

| | | |
|---|---|---|
| FRANCINE ROTH<br>54 Margin Road<br>Levittown, PA 19056<br>**v.**<br>TARGET CORPORATION a/k/a, d/b/a, and<br>t/a TARGET<br>800 Rock Hill Drive<br>Bensalem, PA 19020 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br><br>NO. |

## CIVIL ACTION: (2. Personal Injury)
### 2120/26020 Premises Liability

**NOTICE**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you.

You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE.  IF YOU DO NOT KNOW A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE:
LAWYER REFERENCE SERVICE
ONE READING CENTER
Philadelphia, PA
(215) 238-6333

**AVISO**

Le han demandado a usted en la corte.  Si desea efenderse contra las quejas presentadas, es absolutamente necesario que usted responda dentro de 20 dias despues de ser servido con estat demanda y aviso.  Para defenderse es necesario que usted, o su abogado, registre con la corte en forma escrita, el punto de vista de usted y cualquir objeccion contra las quejas en esta demanda.  Recuerde: Si usted no responde a esta demanda, se puede prosequir con el proceso sin su participacion.  Entonces la corte puede, sin notificarlo decidir a favor del demandante y requerira que usted cumpla con todas las provisiones de esta demanda.  Por razon de esa decision, es posible que usted pueda perder dinero, propiedad o stros derechos importantes.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO CONOCE A UN ABOGADO, LLAME AL
LAWYER REFERENCE SERVICE
(SERVICIO DE REFERENCIA DE ABOGADOS)
One Reading Center
Filadelfia, PA
(215) 238-6333

## COMPLAINT IN CIVIL ACTION

## COUNT I

### Plaintiff, Francine Roth v. Defendant

1.     Plaintiff, Francine Roth, is an individual residing at the captioned address, Commonwealth of Pennsylvania.

2.     Defendant, Target Corporation a/k/a, d/b/a and t/a Target (hereinafter "Target") is a corporation or other business entity duly organized and existing pursuant to the laws of the State of Minnesota, with its principal place of business located at the above captioned address, Commonwealth of Pennsylvania, and at all times material herein did own, possess, maintain, operate and control a store at 800 Rock Hill Drive, Bensalem, PA 19120.

3.     At all times material herein, Defendant, Target has and continues to regularly conduct business in the County of Philadelphia, Commonwealth of Pennsylvania.

4.     On or about August 14, 2017, and for some time prior thereto, there existed on the floor in the center aisle, a puddle of drink or some other liquid substance, which presented an unreasonable obstruction and impediment to the passage of pedestrian traffic on the floor and the defect presented an unreasonable risk of harm to pedestrian traffic.

5.     On the aforesaid date at approximately 1:00 p.m., plaintiff, a business invitee at said store, was lawfully proceeding on foot when she slipped on the aforesaid liquid or substance, causing her to fall heavily to the ground, hitting her elbows and thereby sustaining the personal injuries hereinafter more fully described.

6.     Defendant was under a duty to take reasonable care to make safe or to warn the plaintiff of the presence of any condition on the defendant's premises that defendant knew, or in the exercise of reasonable care should have known existed and that defendant realized, or should have realized, involved an unreasonable risk of harm to plaintiff, and that defendant knew or in the exercise of reasonable care should have known, was unknown to and unlikely to be discovered by

plaintiff.

7.     The aforesaid accident and resulting injury to plaintiff was caused as a direct and proximate result of the negligence, carelessness, recklessness and misconduct of the defendant, its employees, servants, and/or agents which consisted of:

(a)   failing to adequately and properly maintain the floor and surrounding area in a safe condition;

(b)  permitting a dangerous and defective condition to exist on the floor area;

(c)  permitting the floor area to be and remain in a slippery and dangerous condition;

(d)   permitting the floor area to have an improper and dangerous collection of water, or other liquid substance;

(e) permitting a supply condition to be and remain on the floor area;

(f)  failing to post warning signs or take any reasonable measure to warn plaintiff and other patrons of the dangerous condition aforesaid;

(g)  failing to discover the dangerous and unsafe condition of the floor area; and

(h)  failing to repair, correct or remedy the dangerous, defective and unsafe condition of the floor area.

8.     Solely by reason of the aforesaid negligence, plaintiff sustained severe and serious personal injuries to her head, body and limbs, including but not limited to, bilateral olecranon fractures requiring operative fixation, bilateral knee contusions, severe pain disorder, severe damage to her nerves and nervous system, and other various ills and injuries, all of which may continue for an indefinite time in the future.

9.     Solely by reason of the aforesaid negligence, plaintiff was rendered sick, sore, lame, prostrate and disordered and was made to undergo great pain and agony, from which she has suffered, and may and probably will in the future continue to suffer for an indefinite time in the future, all of which may be permanent.

10.     As a further result of the wrongful and liability producing conduct of the defendant, the plaintiff has been obliged to expend various and diverse sums of money for medicine and

medical care and treatment in and about an effort to cure herself of the ills and injuries she has suffered and has also been required to expend sums of money for additional care and will be obliged to do so in the future, for which a claim is hereby made.

11.     As a further result of the aforesaid negligence, plaintiff has been and will in the future, be prevented from attending to her usual duties and occupation, all to her great financial damage and loss.

12.     As a further result of the aforesaid negligence, plaintiff has been deprived of life's pleasures and may and probably will in the future, continue to suffer loss of same, all to her great damage and loss.

13.     As a further result of the aforesaid negligence, plaintiff has suffered a cosmetic disfigurement and she may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff, Francine Roth, claims damages of the Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus costs, interest and delay damages.

**BEZARK, LERNER & DEVIRGILIS, P.C.**

BY: _____
**STUART A. WINEGRAD, ESQUIRE**
**Attorney for Plaintiff, Francine Roth**

## VERIFICATION

I FRANCINE ROTH, hereby states that she is the plaintiff in this action and verifies that the statements made in the foregoing pleading are true and correct to the best of her knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. □4904 relating to unsworn falsification to authorities.

FRANICNE ROTH

DATED:



235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

National Association of
Professional Process Servers

Francine Roth

Case #: 2018-93791-0000    12144341
Main (Public)
Code: 0     Judge:
Rcpt: Z2093507  11/29/2018 2:57:28 PM

Court of Common Pleas of
Pennsylvania
Philadelphia County - Civil

-VS-

Target Corporation a/k/a, d/b/a, and t/a Target            :            **CASE NUMBER**            1811-3156

State of _____

**AFFIDAVIT**

County of _____

**B&R Control # CS156591.01**

**Reference Number**

---

**FORWARDED SERVICE**

Now, on <u>12/4/2018</u>, I do hereby request the Sheriff of <u>Bucks County</u>
to serve this **Civil Action Complaint** and make return thereof in accordance with the Law, for service upon
<u>Target Corporation a/k/a, d/b/a,</u>    <u>t/a Target</u> at <u>800 Rock Hill Drive, Bensalem, PA 19020</u>
By (Competent Adult) Fred Blum        Sheriff Check Amt <u>$58</u>  <u>#20749</u>

**** SPECIAL INSTRUCTIONS" ****

See Attached

---

☐ **Served  Date** _____  **Time** _____  **Accepted By:** _____

In the manner described below.

☐  Personally served.

☐  Adult in charge of residence. Relationship is            _____

☐  Adult in charge of residence who refused to give name and/or relationship.    _____

☐  Manager/Clerk of place of residence lodging            _____

☐  Agent or person authorized to accept service            _____

☐  Other _____

**Description of Person**  Age _____  Height _____  Weight _____  Race _____  Sex _____

                        Other _____

☐ **Not Served  Date** _____ **Time** _____  ☐ Moved  ☐ Unknown  ☐ No Answer  ☐ Vacant

☐ **Other** _____

---

The Process Server, was at the time of service a competent adult, over 18
years of age, not having a direct interest in the litigation. I declare under
penalty of perjury that the foregoing is true and correct.

Sworn to and subscribed before me this
_____ day of _____

Notary Public

Process Server/Sheriff            _____

Client        Phone (215) 735-5599        _____  :  _____  **Filed Date:** 11/29/2018  **BR Serve By:** 12/28/2018

Stuart A. Winegrad, Esquire
Bezark, Lerner & DeVirgilis
1600 Market Street
Suite 1610
Philadelphia, PA 19103



Case ID: 181103156

120803
PS

# BUCKS COUNTY
# SHERIFF'S RETURN

1 of 1

Bucks County Case #  201893791

Invoice to be mailed to

County Sheriff's Office

Attn:  **B & R SERVICES**

Special Instructions

---

**Filed**  11/29/2018   in **B & R SERVICES**
Bucks Case #  201893791      **Rec'd**  12/13/2018

Special Instructions

**Action**  Civil Action  **COMPLAINT**

**Plaintiff**  FRANCINE ROTH

**- VS -**

**Defendant**  TARGET CORPORATION aka dba t/a TARGET
800 ROCK HILL DRIVE
BENSALEM PA 19020

Address Served if Different

Served under Pa. R.C.P. #402
_____ (A) (i) Defendant personally served
_____ (A) (2) (i) Family Member
_____ (A) (2) (i) Adult in Charge of Residence
_____ (A) (2) (ii) Manager/Clerk at Def't's Lodging
__X__ (A) (2) (iii) Person in Charge of Business
By Handling to  Mike Sauer

_____ By Posting
Not Served
_____ 30 Days Ran Out      _____ Defendant Not Home
_____ Defendant Moved      _____ Address Vacant
_____ Defendant Unknown   _____ Deputy needs better address
_____ Checked Post Office   _____ No Forwarding
_____ Forwarding Address

Twp./Boro  Bensalem
By Deputy  Parker
Witness
At  0705  o'clock ( AM / PM ) on  12-24-18

The above document was served or not served on the defendant as per information listed above in the County of Bucks, Commonwealth of Pennsylvania.
So answers:  _____
Sheriff of Bucks County

Affirmed and Subscribed before me on this day  ____/____/____

Prothonotary
Affirmed and subscribed before me on this day  ____/____/____

Notary Public
My Com. Exp.  _____

Special Instructions

Notes

ZONE 3

Case ID: 181103156

# County of Bucks
# Sheriff's Office

## Sheriff's Return of Service Report (Prothy)
From 12/24/2018  12:00:00AM  to  1/9/2019  11:59:59PM

**Case Number**    2018-93791          **Judge:**    NOT ASSIGNED          **Class:**

**TO:**    B & R SERVICES, INC.
235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107

| **PLAINTIFF** | | **DEFENDANT** |
|---|---|---|
| ROTH, FRANCINE | | TARGET CORPORATION AKA DBA TA TARGET |
| UNKNOWN | VS. | 800 ROCK HILL DRIVE |
| | | BENSALEM, PA 19020 |

| Filing Date | Filing Description | Cashier |
|---|---|---|
| 11/29/18  2:57 pm | SHERIFF COMPLAINT CIVIL ACTION RECEIVED FROM B & R | rrr |
| 12/18/18  4:11 pm | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE.  TRANSACTION #18 1 21044 . AMOUNT PAID $58.00 . | rrr |
| 12/24/18  7:05 am | SHERIFF'S RETURN, UNDER OATH, FILED. DEPUTY PARKER, SERVED DEFENDANT TARGET CORPORATION AKA DBA T/A TARGET AT 800 ROCK HILL DRIVE BENSALEM PA 19020 PURSUANT TO PA.R.C.P. #402(A)(2)(III) BY HANDING TO MIKE SAUER PIC OF BUSINESS , | rrr |
| 1/7/19  10:11 am | INVOICE MAILED TO B & R SERVICES | rrr |

---

**Note:    To view all Case docket filing on the Web at no cost**

Go to:    http://www.buckscounty.org
Click:    Online Service tab
Click:    Public Access System
Click:    Prothonotary (Civil Court)
Follow the instruction for Prothonotary and Domestic Relation (Family Court) OR
To access documents and case searches for the Prothonotary Office and Family Court, please use the web link:
**http://propublic.co.bucks.pa.us/psi**

RICCI TYRRELL JOHNSON & GREY
By:  Francis J. Grey, Jr., Esquire
I.D. Number: 56145
Jonathan A. Delgado, Esquire
I.D. Number: 320759
1515 Market Street, Suite 700
Philadelphia, Pennsylvania 19102
(215) 320-3260

Counsel for Defendant,
Target Corporation

Filed and Attested by the
Office of Judicial Records
06 MAR 2019 10:25 am
G. IMPERATO

| | |
|---|---|
| FRANCINE ROTH | PHILADELPHIA COUNTY |
| PLAINTIFF, | COURT OF COMMON PLEAS |
| | TRIAL DIVISION |
| V. | NOVEMBER TERM, 2018 |
| TARGET CORPORATION A/K/A, D/B/A, AND T/A TARGET, | CASE NO: 3156 |
| | JURY TRIAL DEMANDED |
| DEFENDANT. | |

## ENTRY OF APPEARANCE

Kindly enter our appearance on behalf of Defendant, Target Corporation (incorrectly

identified as "Target Corporation a/k/a, d/b/a, and t/a Target"), in the above-captioned matter.

RICCI TYRRELL JOHNSON & GREY

By:   *s/ Francis J. Grey, Jr.*
Francis J. Grey, Jr. Esquire
Jonathan A. Delgado, Esquire
*Counsel for Defendant,*
*Target Corporation*

Dated: March 6, 2019

## CERTIFICATE OF SERVICE

I hereby certify that I will serve a true and correct copy of the foregoing Entry of Appearance in accordance with Pa.R.C.P. 440 on all parties not electronically served. All other parties will be electronically served by the court in accordance with Pa.R.C.P. 205.4(g), and via certified mail.

Stuart A. Winegrad, Esquire
Bezark, Lerner & Devirgilis, P.C.
1600 Market Street, Suite 1610
Philadelphia, PA 19103
*Counsel for Plaintiff*

By:   *s/ Francis J. Grey, Jr.*
      Francis J. Grey, Jr., Esquire

Date:  March 6, 2019

RICCI TYRRELL JOHNSON & GREY
By:  Francis J. Grey, Jr., Esquire
I.D. Number:  56145
Jonathan A. Delgado, Esquire
I.D. Number:  320759
1515 Market Street, Suite 700
Philadelphia, Pennsylvania 19102
(215) 320-3260

*Counsel for Defendant,*
*Target Corporation*

| | | |
|---|---|---|
| FRANCINE ROTH | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| PLAINTIFF, | : | TRIAL DIVISION |
| | : | |
| V. | : | NOVEMBER TERM, 2018 |
| | : | |
| TARGET CORPORATION A/K/A, D/B/A, AND | : | CASE NO: 3156 |
| T/A TARGET, | : | |
| | : | JURY TRIAL DEMANDED |
| DEFENDANT. | : | |

## DEMAND FOR JURY TRIAL

A twelve (12) member jury is hereby demanded in the above-captioned matter by Target

Corporation (incorrectly identified as "Target Corporation a/k/a, d/b/a, and t/a Target").

RICCI TYRRELL JOHNSON & GREY

By:      *s/ Francis J. Grey, Jr.*
Francis J. Grey, Jr. Esquire
Jonathan A. Delgado, Esquire
*Counsel for Defendant,*
*Target Corporation*

Dated: March 6, 2019

## CERTIFICATE OF SERVICE

I hereby certify that I will serve a true and correct copy of the foregoing Demand for Jury Trial in accordance with Pa.R.C.P. 440 on all parties not electronically served. All other parties will be electronically served by the court in accordance with Pa.R.C.P. 205.4(g), and via certified mail.

Stuart A. Winegrad, Esquire
Bezark, Lerner & Devirgilis, P.C.
1600 Market Street, Suite 1610
Philadelphia, PA 19103
*Counsel for Plaintiff*

By:     *s/ Francis J. Grey, Jr.*
        Francis J. Grey, Jr., Esquire

Date:  March 6, 2019



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL**

| | |
|---|---|
| *ROTH* | *November Term 2018* |
| *VS* | *No. 03156* |
| *TARGET CORPORATION A/K/A, D/B/A AND T/A T* | |

*CASE MANAGEMENT ORDER
EXPEDITED TRACK*

DOCKETED
TRIAL DIVISION - CIVIL
07-MAR-2019
**T. ITALIANO**

AND NOW, *Thursday, March 07, 2019,* it is Ordered that:

1.  The case management and time standards adopted for expedited track cases shall be applicable to this case and are hereby incorporated into this Order.

2.  All *discovery* on the above matter shall be completed not later than *07-OCT-2019.*

3.  *Plaintiff* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial to all other parties not later than *07-OCT-2019.*

4.  *Defendant and any additional defendants* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial not later than *04-NOV-2019.*

5.  All *pre-trial motions* shall be filed not later than *04-NOV-2019.*

6.  A *settlement conference* may be scheduled at any time after *04-NOV-2019.*  Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following:

    (a).   A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;

    (b).   A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;

    (c).   Defendant shall identify all applicable insurance carriers, together with applicable limits of liability.

7.   A *pre-trial conference* will be scheduled any time after *06-JAN-2020.* Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:

    (a).        A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;

    (b).        A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial;

    (c).        A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial;

    (d).        Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and

    (e).        Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;

    (f).        Each counsel shall provide an estimate of the anticipated length of trial.

8.   *It is expected that the case will be ready for trial 03-FEB-2020,* and counsel should anticipate trial to begin expeditiously thereafter.

9.   All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this Order.

                              **BY THE COURT:**

                              _____

                              **JOHN YOUNGE,   J.**
                              **TEAM LEADER**

# EXHIBIT B

## Jonathan Delgado

| | |
|---|---|
| **From:** | Stuart A Winegrad <swinegrad@bldvlaw.com> |
| **Sent:** | Monday, March 4, 2019 1:47 PM |
| **To:** | Jonathan Delgado |
| **Subject:** | RE: Roth v. Target |
| **Attachments:** | CASE MANAGEMENT CONF. MEMO - filed.pdf |

Jon-
   Attached is a copy of the Case Management Memo filed on Friday.   The document is still pending in the e-filing system.

Stuart A. Winegrad, Esquire
Bezark Lerner & DeVirgilis, P.C.
1600 Market Street
Suite 1610
Philadelphia, PA 19103
Email: swinegrad@bldvlaw.com
Tel. No. (215) 735-5599
Fax No. (215) 735-4147

**From:** Stuart A Winegrad
**Sent:** Friday, March 01, 2019 3:10 PM
**To:** 'Jonathan Delgado' <jdelgado@rtjglaw.com>
**Subject:** RE: Roth v. Target

Jon-
   I am sorry for the delay.  Attached is a copy of the complaint.  The Case Management Conference is scheduled for 3/7/19 at 11:00 am.  I will get the specials to you in the mail.  If need anything else let me know.

Stuart A. Winegrad, Esquire
Bezark Lerner & DeVirgilis, P.C.
1600 Market Street
Suite 1610
Philadelphia, PA 19103
Email: swinegrad@bldvlaw.com
Tel. No. (215) 735-5599
Fax No. (215) 735-4147

**From:** Jonathan Delgado <jdelgado@rtjglaw.com>
**Sent:** Tuesday, February 26, 2019 2:00 PM
**To:** Stuart A Winegrad <swinegrad@bldvlaw.com>
**Subject:** RE: Roth v. Target

Could you also forward the Complaint when you get the chance.

Thanks!

**From:** Jonathan Delgado
**Sent:** Tuesday, February 26, 2019 1:57 PM
**To:** 'swinegrad@bldvlaw.com' <swinegrad@bldvlaw.com>
**Subject:** Roth v. Target

1

Stuart,

Just confirming our conversation that you will not be seeking a default and that you have granted Target a two extension to answer the Complaint. Target's answer will now be due on March 12.

Also as we discussed, if you could send over the medical package that would be a huge help.

Look forward to seeing you at the case management conference next week. Let me know if you need anything.

Best,
Jon

**Jonathan A. Delgado, Esquire**
**Direct Dial: 215-320-2103**
**Fax: 215-320-3261**
**E-Mail: jdelgado@rtjglaw.com**



**Ricci Tyrrell Johnson & Grey**
ATTORNEYS AT LAW

**1515 Market Street, Suite 700**
**Philadelphia, PA 19102**



CONFIDENTIALITY NOTICE:

The information transmitted in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an Attorney-Client communication and as such is privileged and confidential.

If the reader of this message is not the intended recipient (or the employee or agent responsible for delivering it to the intended recipient), you are hereby notified that you have received this document in error and that any retention, review, use, dissemination, distribution or copying of this communication and the information contained therein is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| FRANCINE ROTH<br><br>v.<br><br>TARGET CORPORATION a/k/a, d/b/a, and t/a TARGET | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>November Term, 2018<br>No.: 3156 |

# CASE MANAGEMENT CONFERENCE MEMORANDUM

Filing party:  Plaintiff                          By:   Stuart A. Winegrad, Esquire

Counsel's address & telephone number (**IMPORTANT**):  Bezark Lerner & DeVirgilis, P.C.

                                        1600 Market Street, Suite 1610

                                        Philadelphia, PA  19103

                                        215-735-5599

**Part A**

*(to be completed in personal injury cases)*

1. Date of accident or occurrence:         8/14/2017

    1(a).  Age of Plaintiff(s):             76 years old

2. Most serious injuries sustained:        bilateral displaced olecranum fractures.

3. Is there any permanent injury claimed:              x  Yes        ☐  No

    If yes, indicate the type of permanent injury:     permanent restriction of movement and

scarring.

4. Dates of medical treatment:   8/14/17 – 1/22/18

5. Is medical treatment continuing?              ☐  Yes          x  No

6.  Has there been any inpatient hospitalization?         X  Yes        ☐  No

***This form shall be presented to the Case Manager and copies served upon all parties at the Case Management Conference by counsel prepared to discuss its contents.***

7.  Has there been any surgery?                           x  Yes        ☐  No

If yes, indicate the type of surgery:  ____ORIF of left and right olecranon.____

8.  Approximately medical bills to date:  $ _In excess of $50,000_____

Approximate medical bills recoverable in this case:  $__20,000_____

9.  Are there any existing liens (Workers' Compensation, DPW, Medical, etc.)?  x  Yes  ☐  No

If yes, what type and approximate amount?  ___The Rawlings Company $20,000___

10. Time lost from work:  __To be supplied_____

11. Approximate past lost wages:  _To be supplied_____

12. Is there a claim for future lost earning capacity?    ☐  Yes           x  No

If yes, approximate future lost earning capacity: _____

13. Are there any related cases or claims pending?       ☐  Yes           x  No

If so, list caption(s) or other appropriate identifier: _____

_____

_____

14. Do you anticipate joining additional parties?         ☐  Yes           x  No

15. Plaintiff's factual position as to liability:  _____Defendant permitted a slippery substance_

_to be present on Defendant's floor_____

_____

_____

16. Defense factual position as to liability:  _____See defendant's memo_____

_____

17.   Defense position as to causation of injuries alleged:   _____Unknown_____

18.   Identify all applicable insurance coverage:

| Defendant | Insurance Carrier | Coverage Limits |
|---|---|---|
| Target | | unknown |
| | | |
| | | |

Are there issues as to the applicability
of the above insurance coverage:          ☐ Yes          ☐ No

19.   Demand: $_____1.2 million_____          Offer: $_____