IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCINE ROTH<br><br>        *Plaintiff,*<br><br>  v.<br><br>TARGET CORPORATION a/k/a, d/b/a and t/a TARGET<br><br>        *Defendant.* | CIVIL ACTION<br>NO. 19-1030 |

**PAPPERT, J.**                                                                                                    May 20, 2019

**<u>MEMORANDUM</u>**

Francine Roth sued Target Corporation in state court, alleging injuries sustained when she slipped and fell in a Target store in Bensalem, Pennsylvania. Target removed the case to federal court. Roth moves to remand on the grounds that the notice of removal, filed more than thirty days after Target received the Complaint, was untimely. The Court grants the Motion because Target had sufficient notice that the case was removable when it received the Complaint.

I

Roth's Complaint states that on August 14, 2017, she slipped on a liquid substance in the aisle of a Target store. (Notice of Removal Ex. A ("Compl.") ¶¶ 4–5, ECF No. 1.) She "f[e]ll heavily to the ground, hitting her elbows and thereby sustaining . . . personal injuries." (*Id.* at ¶ 5.) Specifically:

> [She] sustained severe and serious personal injuries to her head, body and limbs, including but not limited to, bilateral olecranon fractures requiring operative fixation, bilateral knee contusions, severe pain disorder, severe damage to her nerves and nervous system, and other various ills and injuries, all of which may continue for an indefinite time in the future.

1

(*Id.* at ¶ 8.)  As a result, Roth "suffered a cosmetic disfigurement and she may continue to suffer same [sic] for an indefinite time in the future." (*Id.* at ¶ 13.)

The Complaint further states that Roth "was rendered sick, sore, lame, prostrate and disordered and was made to undergo great pain and agony . . . and probably will in the future continue to suffer for an indefinite time." (*Id.* at ¶ 9.)  She "has been and will in the future, be prevented from attending to her usual duties and occupation" and "deprived of life's pleasures." (*Id.* at ¶¶ 11–12.)  Roth's injuries, "all of which may be permanent," caused her to "expend various and diverse sums of money for medicine and medical care and treatment," and she alleges she "will be obliged to [spend money for additional care] in the future." (*Id.* at ¶¶ 9–10.)

Roth filed her Complaint in the Philadelphia County Court of Common Pleas on November 29, 2018, claiming damages "in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus costs, interest and delay damages."[1]  (Pl.'s Mot. Remand ("Pl.'s Mot.") ¶ 1, ECF No. 4; Compl.)  She served Target with the Complaint on December 24. (Pl.'s Mot. ¶ 2.)  Counsel for both parties agreed Target could file an answer on or before March 12, 2019. (Pl.'s Mot. ¶ 4; Pl.'s Mot. Ex. D.)  On March 4, Roth sent Target a Case Management Conference Memorandum including a demand of $1.2 million dollars. (Def.'s Mem. Opp'n Mot. Remand ("Def.'s Mem.") 1–2, ECF No. 6; Def.'s Mem. Ex. B.)  On March 12, Target removed the case to this Court. *See* (Notice of Removal).

---

[1] Under the Pennsylvania Rules of Civil Procedure, "[a]ny pleading demanding relief for unliquidated damages shall not claim any specific sum." 231 Pa. Code § 1021(c). Roth was permitted to specify "whether the amount claimed does or does not exceed the jurisdictional amount requiring arbitration"—$50,000 in the Philadelphia County Court of Common Pleas. *Id.* at § 1021(c); Phila. Cty. Ct. Com. Pl. R. *1301.

2

II

A defendant who wishes to remove a case to federal court must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If the initial case is not removable as filed, the notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (quoting *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004)). "[E]stimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Samuel-Bassett*, 357 F.3d at 403. Removal statutes are strictly construed against removal and all doubts are resolved in favor of remand. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citations omitted).

III

Roth does not dispute that the Court has subject matter jurisdiction over her claims under 28 U.S.C. § 1332(a). (Pl.'s Mem. Supp. Mot. 2 n.1, ECF No. 4.) Rather, she contends that Target's notice of removal, filed more than thirty days after service of the Complaint, was untimely under 28 U.S.C. § 1446(b)(1). Target counters that

removal was timely because it did not have adequate notice that the amount in controversy exceeded $75,000 until it received Roth's $1.2 million-dollar demand.

In *Foster v. Mutual Fire Marine & Inland Insurance Company*, 986 F.2d 48, (3d Cir. 1993), *rev'd on other grounds*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)), the Third Circuit Court of Appeals considered what constitutes "sufficient notice" of federal jurisdiction to trigger § 1446(b)'s thirty-day removal clock. The court cited with approval *Rowe v. Marder*, 750 F. Supp. 718 (W.D. Pa. 1990), *aff'd*, 935 F.2d 1282 (3d Cir. 1991), which held that "[t]he inquiry begins and ends within the four corners of the pleading. The inquiry is succinct: whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." *Foster*, 986 F.2d at 53 (quoting *Rowe*, 750 F. Supp. at 721).

The Complaint states that Roth suffered "bilateral olecranon fractures requiring operative fixation."[2] These specific injuries go beyond the type of vague, generic or boilerplate allegations which could preclude Target from understanding that more than $75,000.00 was at stake here, something Target itself seems to acknowledge: "Asides [sic] from the allegation of olecranon fractures, the remainder, and majority, of [the] Complaint contains generic and boilerplate pleadings." (Def.'s Opp'n Mot. ¶ 12, ECF No. 6.) Resolving all doubts in favor of remand, the Complaint informed Target to a substantial degree of specificity that the value of Roth's claim exceeds $75,000. The notice of removal was thus untimely under 28 U.S.C. § 1446(b)(1). *Accord Hiester v. Wal-Mart Stores E., LP*, 2018 U.S. Dist. LEXIS 210670 (E.D. Pa Dec. 13, 2018); *Bracken*

---

[2] The Lawyer-English Dictionary defines this particular phrase to mean that when she fell, the Plaintiff broke both elbows, requiring surgery on each.

4

*v. Dolgencorp, LLC*, 2018 WL 6249715 (E.D. Pa. Nov. 29, 2018); *Russo v. Wal-Mart Stores E., L.P.*, 2017 WL 1832341 (M.D. Pa. May 8, 2017).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.